﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190819-27024
DATE: March 31, 2020

ORDER

Entitlement to service connection for tinnitus is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that tinnitus began during active service, or is otherwise related to an in-service injury or disease, to include noise exposure.

CONCLUSION OF LAW

The criteria for service connection for tinnitus are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in June 2019. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Veteran served on active duty from October 1973 to August 1994.

1. Entitlement to service connection for tinnitus

The Veteran seeks service connection for noise exposure. He contends that his current tinnitus is related to noise exposure during active service.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Veteran’s DD Form 214 shows his military occupational specialty (MOS) was an aircraft communications and navigation system craftsman. Further, the Veteran contends that his in-service noise exposure included engine noise. The Board finds that the Veteran’s contentions of in-service noise exposure are consistent with the circumstances, conditions, and hardships of his service. As such, military noise exposure is conceded.

A review of his service treatment records shows no complaints, treatment, or diagnoses related to tinnitus. Puretone threshold testing conducted during the entrance examination and at separation showed hearing within normal limits. Clinical evaluation during May 1994 separation examination of the ears were also normal.

The Board concludes that, while the Veteran has a current diagnosis of tinnitus, and evidence shows that in-service noise exposure occurred, the preponderance of the evidence weighs against finding that the Veteran’s tinnitus began during service or is otherwise related to an in-service injury, event, or disease, including noise exposure. 

The competent and probative evidence weighs against finding a causal nexus between the current tinnitus and service. The Veteran underwent a VA examination for hearing loss and tinnitus in April 2019. During the examination, the Veteran described his military noise exposure included working as an avionics com/nav technician. He reported noise exposure from aircraft and weapons. The Veteran denied recreational noise exposure. The examiner opined that the Veteran’s tinnitus was less likely than not related to his military service. The examiner explained that high noise exposure does not necessarily meant that an acoustic injury occurred. The examiner further noted that comparison of enlistment and termination audiograms did not show permanent positive threshold shifts during service to suggest a noise injury. Therefore, there was no evidence on record to conclude that the Veteran’s current tinnitus was caused by his military noise exposure. The Board finds this opinion probative as it was supported by a rationale based on the examiner’s consideration of the Veteran’s in-service noise exposure, his self-reported onset of symptoms, and the examiner’s medical expertise as an audiologist. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board acknowledges that the Veteran believes his tinnitus is related to an in-service injury, event, or disease. The Board also specifically acknowledges the statements made in his August 2018 notice of disagreement (NOD)- that he did not know tinnitus was a disability, and thought ringing was normal and not worthy of consideration. Even with consideration of the Veteran’s statements, however, the preponderance of the evidence is against the appeal. That is because the Veteran is not competent to provide a nexus opinion regarding this disability. The issue is medically complex, as it requires knowledge of audiology and internal ear pathology. As the record does not show that he medical training or experience to include in the field of audiology, he is not competent to establish the etiology of his tinnitus disability. In other words, it is outside his competence. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the 2019 VA medical opinion which was rendered by an audiologist and supported with a persuasive clinical rationale. 

The Board has considered whether service connection is warranted on a presumptive basis for chronic diseases. 38 C.F.R. § 3.309 (a). The evidence does not show that the Veteran’s tinnitus manifested in service or to a degree of 10 percent or more within a year of separation from service; therefore, presumptive service connection is not warranted. 38 C.F.R. §§ 3.307 (a)(3), 3.309(a). In addition to tinnitus not being identified as a chronic disease in service, the Veteran has not reported continuity of symptomatology since service that is attributable to the chronic disease. Rather, he generally asserts in his NOD that he had ringing in his ears at some point in time, which has gotten louder over the years, and that it took seven years (during which he was mocked by his coworkers and other veterans) for him to be persuaded to file his claim. 

In sum, the evidence weighs against a finding that the Veteran’s tinnitus was incurred in, or is otherwise related to, active military service. As the preponderance of the evidence is against the claim under any applicable theory of service connection, the benefit of the doubt rule does not apply. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).

 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Lauritzen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.